TRANSCAPITAL LEASING ASSOCIATES 1990–II, LP; International Bancshares Corp., IBC Financial Services, Inc., a Texas Corporation, and its Subsidiaries; IBS Subsidiary Corp., a Delaware Corporation; Inter-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

national Bank of Commerce, a Texas Banking Corporation; a Texas Corporation, a Partner Other than the Tax Matters Partner Formerly Known as Bancor Development Company of Laredo, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 06–50682.

United States Court of Appeals, Fifth Circuit.

Aug. 23, 2007.

William Reeder Cousins, III, Michael Todd Welty, Meadows, Collier, Reed, Cousins & Blau, Dallas, TX, Renee Forinash McElhaney, Arthur A. Perez, Matthew S. Parkin, Cox, Smith & Matthews, San Antonio, TX, for Plaintiffs–Appellants.

Kenneth L. Greene, Richard Thane Morrison, Deputy Assistant Attorney General, Francesca Ugolini Tamami, U.S. Department of Justice Tax Division Appellate Section, Gilbert S. Rothenberg, U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before JONES, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM: *

The court has considered appellants' position in light of the briefs, the oral argument, and pertinent portions of the record. We find no reversible error of fact or law and affirm for essentially the reasons stated by the district court. Because the

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

transaction lacked a genuine business purpose and was economically insubstantial, it is unnecessary for us to adopt either variant of the sham-transaction doctrine currently used by the courts of appeals. *See Compaq Computer Corp. & Subsidiaries v. Comm'r*, 277 F.3d 778, 781–82 (5th Cir. 2001) (noting the competing variants outlined in *Rice's Toyota World, Inc. v. Comm'r*, 752 F.2d 89 (4th Cir.1985), and *ACM P'Ship v. Comm'r*, 157 F.3d 231 (3d Cir.1998)). We also express no opinion on the ancillary question whether the business-purpose analysis of an alleged sham transaction that is a § 6221 partnership tax matter focuses on the subjective motivation of the taxpayer partner or the flow-through partnership entity. *See* 26 U.S.C. § 6221.

AFFIRMED.